erly paid to him. The gross laches of the appellant is unexplained, and, under the undisputed facts in the case, the conclusion is not to be avoided that it is estopped from asking relief from the appellee.

Appeal dismissed at appellant's costs.

---

## Hunter et al. v. Lewis et al., Appellants.

*Contracts—Assumpsit for purchase money—Agreement for sale of land —Defenses.*

1. In an action for balance of purchase money upon a written contract for the sale and conveyance of real estate, between the plaintiffs as vendors and the defendants and another or their survivors, as vendees, a verdict is properly directed for the plaintiffs where it appears that the plaintiffs perfected their title without unreasonable delay and tendered a deed executed in conformity with the agreement, and the only reasons offered by the defendants for refusing to take the property were that one of the vendees was dead, and that the deed was not right, without pointing out any defects.

*Contract—Agreement to sell land—Time for delivery of deed—Vendor and vendee.*

2. The time for the delivery of a deed in an agreement to sell land is necessarily waived if the contract is signed after the time mentioned has elapsed.

3. Where a purchaser of real estate refuses to take the property and pay the cash, he makes himself immediately liable for the whole amount of the purchase money.

4. Where a purchaser of real estate refuses to take the property, and the vendor sues for the purchase money, he does what is sufficient, if in his pleadings he avers that he was at all times ready and willing to deliver the deed.

Argued Oct. 19, 1911. Appeal, No. 138, Oct. T., 1911, by defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 157, on verdict for plaintiffs in case of H. M. L. Hunter, Percy E. Hunter, Samuel K. Hunter, James F. Hunter, John R. Hunter, and Percy E. Hunter, Guardian of Helen Rainey Hunter, Mary Lois

Hunter, Chester A. Hunter and Curtis Carr Hunter, Minors, v. William W. Lewis and Eliza H. Lewis. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for balance of purchase money.

Upon the trial the court directed a verdict for plaintiff for $19,618.50, with interest.

The following opinion sur motion for new trial was filed by DAVIS, J.

In the case at bar the court directed a verdict for the plaintiffs on the following proven and undisputed facts, viz.:

An agreement dated February 18, 1905, was made between the plaintiffs and William W. Lewis, Eliza H. Lewis, the defendants, and Mary Lewis, their survivor or survivors, and was signed by the plaintiffs on the seventh and by the other parties of the second part on March 8, 1905.

The agreement was for the sale and conveyance of a certain lot of ground for the consideration of $15,000, $500 of which was paid on March 8, on the signing of the agreement. The agreement that was signed provided also that the deed for the land should be delivered on March 1, 1905. Some of the plaintiffs were minors, and proceedings were then, without any unreasonable delay, instituted in the orphans' court of Allegheny county, to obtain an order of sale of the interests of the minors, which order was duly made by the said court on March 20, 1905.

Mary Lewis, one of the parties of the second part to the agreement, died on March 20, 1905, and on March 23, 1905, William W. Lewis, one of the other parties of the second part, personally notified the plaintiffs that his sister had died, and refused to take the property. Mr. Lewis testified as follows: "I told him that my sister had died, and that we didn't want the property—wouldn't take it."

The plaintiffs then proceeded to perfect their title and a bond was filed in and approved by the orphans' court

on April 5, 1905, as required by the order of sale, and deeds were then executed in conformity to the said agreement, and tendered to William W. Lewis and Eliza H. Lewis, the survivors, on April 26, 1905, and the deed was refused by the defendants, Mr. Lewis testifying again: "Q. What did you say when that tender was made, to the party tendering them? A. I told him we could not take them, there was so much delay, and the deeds were not right—were not proper in my mind. Q. Did you explain to him why? A. No, I did not."

The defendants, on the trial of the case, made the following offer: "Counsel for defendants propose to show by the witness on the stand, that on March 8 he visited Mr. Gray, the representative of the plaintiffs here; that on that day he signed the paper, exhibit No. 1; that he stated to Mr. Gray that there had already been considerable delay, and that he would not sign that paper unless Mr. Gray would agree to go into court, or have proceedings instituted in the orphans' court, that day or the following day, and would get the authority, if it was to be got, and close the transaction within ten days from that date, and that the witness and his codefendant would not have signed the paper in question, if it had not been for the undertaking on the part of Mr. Gray."

Objections were made to this offer and overruled, and also a motion to strike out the testimony given under the offer, which was also refused. The court's attention was not called at the time of the offer and motion to strike out, that the defendants had not set up in their affidavit of defense that the inducing cause of signing the agreement was the further contemporaneous oral agreement that the deeds should be delivered in ten days, as an essential condition without which the agreement would not have been signed. The object of which offer was to make the time of the delivery of the deeds the very essence of the contract. The court then, without a further formal motion to strike out all the testimony following the offer, considered that as done which ought to have been done in the first

instance, and affirmed a point for binding instructions on the part of the plaintiffs, and directed a verdict of the jury accordingly.

The time of the delivery of the deeds was not made a vital and essential condition of the contract that was signed, and the time in the agreement was necessarily waived by the signing of the contract after the time had elapsed. The offer in itself is not sufficient, for it merely alleges that the defendants would not have signed the agreement if the plaintiffs had not agreed to deliver the deeds within ten days. Neither did the defendants at the time of the refusal to take the property allege any other reason for their refusal than the death of one of the parties to the agreement, nor do they, when the deeds are tendered, mention delay as the vital question, but claim that the deeds were not right, without pointing out any defects, and which, if any, plaintiffs would have the right to correct: Tiernan v. Roland, 15 Pa. 429.

And further, it does not appear from any evidence that the deeds were not correct and did not convey a good and sufficient title unto the defendants, in compliance with the agreement of sale.

When the defendants refused to take the property, March 23, 1905, two courses were open to plaintiffs, either to sue for damages for breach of the contract on the part of the defendants, or to perform the covenants of the agreement on their part by perfecting their title and the tender of the deeds, and then to bring an action in assumpsit in the nature of specific performance for the payment of the balance of the purchase money.

Where a purchaser refuses to take the property and pay the cash, he makes himself liable for the whole amount of the purchase money immediately: Murray v. Ellis, 112 Pa. 485; Huber v. Burke, 11 S. & R. 238.

It was alleged on the trial of the case that plaintiffs had no right to recover in this action, for the reason that no continuing tender of the deeds had been made by the plaintiffs by filing them with the record papers when the

action was brought and while pending. This would be the better practice. The plaintiffs, however, in their pleadings, aver that they were at all times ready and willing to deliver the deeds, and brought them into court and offered them in evidence, and this is sufficient under the decisions: Murray v. Ellis, 112 Pa. 485; Irvin v. Bleakley, 67 Pa. 24.

We are of opinion, therefore, that the plaintiffs performed all the covenants of the contract on which this suit is brought without any unreasonable delay, and that the jury was properly directed to find a verdict for the plaintiffs. The plaintiffs are entitled to judgment on the verdict on filing their deeds with the prothonotary, to be delivered to defendants on the payment of the verdict.

And now, to wit: May 9, 1911, the motion for new trial is refused, and the rule for judgment non obstante veredicto is discharged, with leave to plaintiffs to enter judgment upon the verdict upon filing with the prothonotary the deeds for the property, the same to be delivered to the defendants on the payment of the verdict, to which order defendants except, exception allowed and bill sealed.

*Error assigned* among others was in directing verdict for plaintiff.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellants.

*Thomas P. Trimble,* with him *Charles W. Reamer* and *Edward C. Chalfant,* for appellees.

Per Curiam, January 2, 1912:

The judgment is affirmed on the opinion of the court below refusing a new trial and discharging the rule for judgment non obstante veredicto.