## Lackawanna Trust Co. *v.* Carlucci, Appellant.

*Promissory notes — Negotiable instruments — Accommodation maker—Consideration—Contemporary parol promise—Affidavit of defense.*

1. In an action on a promissory note by a trust company, the holder, against the maker, an affidavit of defense is sufficient, which avers that defendant became maker of the note at the request and for the sole benefit of the plaintiff, and on reliance upon a contemporary parol promise by the plaintiff that the defendant would not be liable to it upon said note.

2. In such a case the plaintiff is not a holder of the note for value, and the defendant is a mere accommodation maker of it.

*Practice, C. P.—Affidavit of defense—Averments to be taken as true.*

3. The averments of an affidavit of defense are to be taken as true, and the defendant is not required to set forth the manner in which they will be proved, nor the evidence by which they will be substantiated.

Argued Feb. 24, 1919. Appeal, No. 39, Jan. T., 1918, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1916, No. 301, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lackawanna Trust Co. v. Frank Carlucci. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Reversed.

Assumpsit on a promissory note. Before NEWCOMB, J.

The court made absolute the rule for judgment. Defendant appealed.

*Error assigned* was the order of the court.

*John Memolo*, with him *Saverio Rosato*, for appellant. —An accommodation bill or note is one to which the accommodating party has put his name, without consideration, for the purpose of accommodating some other

party who is to use it and is expected to pay it. Between the accommodating and the accommodated parties, the consideration may be shown to be wanting: Peale v. Addicks, 174 Pa. 543; Tasker's Est., 182 Pa. 122; County Savings Bank v. Focht, 19 Pa. Dist. Rep. 687; Clothier v. Webster Foundry Sand Co., 21 Pa. Superior Ct. 386; Gandy v. Weckerly, 220 Pa. 285; Potter v. Grimm, 248 Pa. 440.

*Edgar A. Jones,* for appellee.—Appellee maintains that the alleged contemporaneous oral agreement set forth in the affidavit of defense is not sufficient to prevent judgment in favor of plaintiff: First Nat. Bank of Mahanoy City v. Dick, 22 Pa. Superior Ct. 445; Clinch Val. Coal & Iron Co. v. Willing, 180 Pa. 165.

OPINION BY MR. CHIEF JUSTICE BROWN, March 24, 1919:

This action was brought by the Lackawanna Trust Company against Frank Carlucci as the maker of a promissory note, dated October 7, 1913, and payable three months after date to the order of J. A. Cassese, for $3,000. The note was endorsed by the payee, and the trust company avers in its statement of claim that it is the holder thereof in due course. This is specifically denied in the affidavit of defense, and the defendant thus substantially details the circumstances under which he signed the note and the trust company became the holder of it: In September, 1910, the Carlucci Stone Company made its promissory note for the sum of $3,000, payable to the order of J. A. Cassese at the plaintiff's bank, three months after date; said note, by successive renewals, was continued in force until May, 1913, when, by proceedings duly instituted in the United States District Court, the said stone company was adjudged a bankrupt; after the last renewal of the note the plaintiff, through its treasurer, Frank Humler, refused to renew it, because the company had been adjudged a bankrupt,

and requested the defendant to become the maker of ·a note for the same amount, agreeing to look to the endorser, J. A. Cassese, the payee in the original note, for payment of the obligation; defendant specifically stated that he would consent to become maker solely upon condition that he would not be liable for the obligation of the stone company; whereupon the plaintiff, through the said Frank Humler, agreed to take the note in suit under these conditions, and stated that he wanted the obligation kept alive on the books of the institution until the legal status of the stone company, as to dividends, should be definitely established. The learned court below having been of opinion that, as these averments contradicted and practically destroyed the obligation given by the defendant, the plaintiff was entitled to judgment, and the rule for it was made absolute.

The averments in the affidavit of defense are to be taken as true and the defendant was not required, as counsel for appellee seems to think, to set forth the manner in which they will be proved, nor the evidence by which they will be substantiated: Gandy v. Weckerly, 220 Pa. 285; Endlich on Affidavits of Defense, 324.

The holder of a note in due course is one who has taken it "in good faith and for value." An accommodation maker is one who signed it "without receiving value therefor and for the purpose of lending his name to some other person": Negotiable Instruments Act of May 16, 1901, P. L. 194. Under the averments in the affidavit of defense, the plaintiff is not a holder of the note for value, and the defendant is a mere accommodation maker of it. While he would be liable on it to a holder for value, there is no liability on it to the appellee, if what is averred in the affidavit of defense be true. "Between accommodating and accommodated parties the consideration may be shown to be wanting": Daniels on Negotiable Instruments, sec. 109. In Peale v. Addicks, 174 Pa. 543, the note upon which suit was brought was endorsed by the defendant without consideration, solely for the ac-

commodation of the plaintiff, and in holding that the affidavit of defense, which so averred, was sufficient to prevent judgment, we said, through Mr. Chief Justice STERRETT: "The averments contained in the affidavit of defense are sufficient to carry the case to a jury. If it be true,—as is substantially averred in the affidavit of defense,—that defendant, without any consideration, at plaintiff's request, and solely for his accommodation, indorsed the note in suit, 'so that he might use it with his bank,' it necessarily follows that, as between themselves, the defendant is in the proper sense of the term an 'accommodation indorser,' and the plaintiff should not be permitted to recover." This was but the reannouncement of a long-settled rule. "The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party, who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties": 8 Corpus Juris, sec. 409. In Tasker's Est., 182 Pa. 122, the receiver of a bank presented, as a claim against the estate of the deceased, the last of a series of renewals of a note which he had originally given to the bank without consideration and solely for its accommodation, at the request of its president. In holding that if such was the case the estate was not liable, Mr. Justice GREEN said this is too manifest "to require argument in its support."

The affidavit of defense in the case now before us requires its submission to a jury, and the judgment is therefore reversed with a procedendo.