## Boswell *v.* Chalmers, Appellant.

*Landlord and tenant—Surrender—Acceptance—Agency of lessor—Affidavit of defense—Sufficiency.*

In an action to recover rent accruing after the defendants had vacated the premises, an affidavit is sufficient that alleges that the defendants, lessees, through their agent, surrendered possession prior to the time required by the lease, which was accepted by the landlord. A verbal notice of vacation, if accepted, is sufficient and a waiver of written notice may be by parol.

Averments in an affidavit of defense must be taken as true and the defendant is not required to set forth the manner in which they will be proved or the evidence in which they will be substantiated.

Argued October 17, 1919. Appeal, No. 141, Oct. T., 1919, by defendant, from judgment of C. P. No. 5, Phila. County, Dec. T., 1918, No. 1697, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Arthur Boswell, agent for Sarah Lockrey, v. Charles Chalmers and Frank J. Fanning, trading as Chalmers & Fanning Motor Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Reversed.

Assumpsit for rent accrued under lease.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Oliver C. Reithmiller,* for appellant.—The verbal surrender of the lease was valid if accepted by the landlord: Auer v. Penn, 92 Pa. 444; DeMorat v. Falkenhagen, 148 Pa. 393; Smith v. Snyder, 168 Pa. 541; Greider's App., 5 Pa. 422; Ashhurst v. Phonograph Co.,

166 Pa. 357; Wistar v. Campbell, 10 Phila. 359; Kiester
v. Miller, 25 Pa. 481.

*William A. Robinson,* for appellee.

OPINION BY TREXLER, J., February 28, 1920:

The lower court entered judgment for want of a suffi-
cient affidavit of defense. The suit was brought for rent
accruing after defendants had vacated the premises. The
lease was for one year. It provided for a written notice
to be given three months prior to the expiration of the
term. The defendant who takes this appeal asserts that
the tenancy expired August 10, 1911, that the notice of
removal was given verbally by defendants' agents, nam-
ing them, to the landlord on several occasions, all prior
to May 11, 1911, a date three months prior to the end
of the current term; that plaintiff accepted the verbal
notice as sufficient notice of the desire of defendants to
terminate the lease on August 10, 1911, and that the land-
lord verbally waived written notice of such termination
and no demand for rent was made until 1918.

We have not the benefit of an opinon of the lower court.
We gather from the reasons filed by the plaintiff in sup-
port of the rule for judgment, that the above allegations
in the affidavit of defense are regarded as too general.
That instead of being statement of facts, they are mere
conclusions.

1. Objection is made that instead of fixing the time by
naming the date upon which notice was given, the affi-
davit merely states that the notice was given prior to
May 11, 1911. The essential averment is that the notice
was given three months prior to the expiration of the
term. After a lapse of seven years, it is putting the de-
fendants to a hard task to give the exact date when the
transaction occurred. We can easily imagine a state of
facts, which, if presented at the trial, would show con-
clusively that the notice was given more than three

months before, and still the defendants be entirely un-able to fix the exact date.

2. The place where the notice was given is not stated. This is not essential, since the locality is not a necessary element. All that is required is that the plaintiff received the notice. A verbal notice, if accepted, is sufficient. The waiver of written notice may be by parol: Kiester v. Miller, 25 Pa. 481, and Smith, Ex., v. Snyder, 168 Pa. 541.

3. The failure to allege that the agents of the defendants were duly authorized by them is not fatal. Both the allegations as to waiver and agency are very similar to those in DeMorat v. Falkenhagen, 148 Pa. 393. In that case, the defendant alleged, "that she surrendered possession of the demised premises to P. H. Schaeffer, the agent of the defendant on the 31st day of January, 1891, and possession was accepted by him." The comment of Justice GREEN is, "Of course, as the question arises upon an affidavit of defense, the absolute verity of the allegation must be assumed for present purposes, and we must, therefore, assume that P. H. Schaeffer was the duly authorized agent of the plaintiff, competent to act with reference to this subject." That the assertion in our case applies to the tenant's agents instead of the landlord's as in the above case does not change matters. The statement that defendants' agents gave the notice, necessarily implies that they were authorized, more especially so when coupled with the words, "that defendants caused notice to be given." The averments are to be taken as true and the defendant is not required to set forth the manner in which they will be proved, nor the evidence by which they will be substantiated: Lackawanna Trust Co. v. Carlucci, 264 Pa. 226. We think the affidavit is sufficient.

Judgment reversed and procedendo awarded.