# Cors *v.* Kilkenny, Appellant.

*Mechanics' liens—Building contracts—Affidavit of defense—Sufficiency.*

In an action sur mechanics' lien, an affidavit of defense is sufficient, which avers that the items for which the lien was filed were all included in the contract, which provided for a certain payment in advance and the balance upon the completion of the work, and further alleged that the work had not been done in a satisfactory manner or the contract completed.

Argued November 21, 1924. Appeal, No. 250, Oct. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1924, No. 3469, M. L. D., in favor of plaintiff for want of a sufficient affidavit of defense in the case of Frank Cors, Contractor, v. Mary A. Kilkenny, Owner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Sci. fa. sur mechanic's lien. Before McCULLEN, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*Earl W. Thompson,* and with him *Frank A. McManus,* for appellant.—The affidavit of defense was sufficient because it raised questions of fact to be submitted to a jury: The White Company v. Quin, 71 Pa. Superior Ct. 404; West Jersey & Seashore R. R. Co. v. Whiting Lumber Co., 71 Pa. Superior Ct. 161; Lackawanna Trust Co. v. Carlucci, 264 Pa. 226.

*Lionel Teller Schlesinger,* for appellee, cited: Superior Bank v. Stadelman, 153 Pa. 634; Boal v. Citizens' National Gas Co., 23 Pa. Superior Ct. 339; Wayne Tank and Pump Co. v. Thomas Petroleum Products Co., 83 Pa. Superior Ct. 158; Cokely v. Stipp, 83 Pa. Superior Ct. 184.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff filed a mechanic's lien for the amount of a claim for the erection of a garage and for extra work and material in connection with said construction amounting to $998.50, alleged to have been ordered by the defendant. There was a contract in writing for the erection of the garage and a shed thereon. An affidavit of defense was filed and on proceedings leading thereto, judgment was entered against the defendant for want of a sufficient affidavit of defense. This appeal was thereupon taken. The written contract provided for the construction of the garage and shed for the consideration of $1,200; "$500 to be paid when brick work and iron beam are erected and balance to be paid at completion of building." Five hundred dollars had been paid on the contract before the filing of the lien. The defendant alleged in the affidavit of defense that the building was not constructed in a good and workmanlike manner; that the walls were not properly built by reason of which surface water seeped through; and that the shed leaked to the great damage of the owner; that the plaintiff was notified at different times personally by the defendant to comply with the contract and that he had never corrected the work nor completed it. Further denial was made that the extra work charged for was ordered by the defendant. On the contrary it was asserted that the extra work was a part of that contracted for for the consideration of $1,200. The learned trial judge was of the opinion that the allegation in the affidavit that the claim for extra material and work was included in the original contract was a conclusion of law; this view having been

arrived at apparently because the defendant failed to deny the furnishing of the materials and labor claimed for as extras, and failed to furnish a copy of any contract other than that set forth in the lien claim filed. But inasmuch as it was stated in the lien that the extra items were not covered by the written contract and were furnished in the construction and erection of the garage and shed, the affidavit denying this averment and asserting that what was furnished and done in the construction of the work was all covered by the contract would seem to be as comprehensive as the averment in the lien, and an appropriate denial that any other material or labor than that which was necessarily included in the written contract entered into the construction of the building. This is made clearer by reference to two items constituting a considerable part of the claim for extras. The first is: "digging foundation and replacing cement, $25." The second is: "3,000 bricks, lime, sand and iron reamer, $75." It would seem that digging a foundation was an important part of the erection of a cement garage, and as the written contract included brick work, lime and sand it can hardly be said to be a conclusion of law that these items were covered by the contract. The relation of the other items of extras is not so clear, but the statement of claim says they were involved in the construction of the garage, and whether they were covered by the contract which is general in its terms, or were the cost of changes made in the contract, does not appear from the lien. A denial therefore that they were ordered by the defendant and an averment that they were included in the contract in writing relates as well to the facts in the transaction as to the legal conclusion to be drawn therefrom. The averments in an affidavit of defense are to be taken as true and the defendant is not required to set forth the manner in which they will be proved nor the evidence by which they will be substantiated: Lackawanna Trust Co. v. Carlucci, 264 Pa. 226. It is true there is no denial that the work was done

and the material furnished as set forth in the charge for extra work and materials, but if as the defendant alleges all the material and all the work provided by the plaintiff was covered by the written contract, she was not in a situation to deny that the labor was expended and the material furnished on account of the building. It is a matter of the first importance, however, when the plaintiff sets up such a claim to know whether it is within or without a contract relating to the construction of the building into which the extra work and material entered. We are of the opinion therefore that the plaintiff was entitled to a jury trial and that the court was in error in entering the judgment complained of.

The judgment is reversed and the record remitted with a procedendo.