Friend, Conservator, Appellant, *v.* Kuhn.

Argued October 3, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas W. Pomeroy, Jr.,* with him *Carl E. Glock* and *Smith, Shaw, McClay & Seifert,* for appellant.

234

*Albert G. Liddell,* with him *Albert G. Liddell, Jr.,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1934:

Herein plaintiff appeals from a refusal of the court below to enter judgment in its favor for want of a sufficient affidavit of defense. Notwithstanding the thoughtful argument of the junior counsel who presented the case for appellant, we are convinced that this is not the time to raise the point suggested by him.

When Frank J. Kukn died he owed plaintiff bank the amount of a note given by him to it, and which was not yet due. When it fell due, an officer of the bank sent for defendant, who is the executrix of Mr. Kuhn's will, and asked her to give to it a renewal note, and to deposit with the bank the overdue note as collateral to the new obligation. Relying on the bank officer's statements, she did as he requested, and the new note was signed "Estate of Frank J. Kuhn, deceased, Emma Anna Kuhn, Executrix," and it and the original note were retained by him. At the same time defendant individually signed, at his request, and in reliance on his statements hereinafter set forth, the following endorsement on the back of the renewal note; the blanks in the quotation herein then and now appearing in the original document:

"In consideration of the granting at......request, hereby made, of the loan evidenced by the within note ......hereby guarantee to The National Bank of America at Pittsburgh, its successors, endorsees or assigns, the proper payment of the said loan, and hereby consent that the securities for the said loan may be exchanged or surrendered from time to time, or the time of payment of said loan extended, without further notice to ......or assent from......and that......will remain bound upon this guarantee, notwithstanding such changes, surrender or extension, and hereby waive demand of payment, protest and notice of protest.

"Emma Anna Kuhn."

The bank brought the present suit on the above quoted endorsement. To it appellee filed an affidavit of defense which the court below held good, and this appeal followed. The affidavit is somewhat elaborate, but it suffices to quote the following therefrom:

"The defendant avers that said note was executed without any consideration, either to her individually or to said estate, and at the plaintiff's request and solely for the plaintiff's accommodation and benefit in that, as an officer of the plaintiff bank told the defendant at the time of the execution and endorsement of said note, the same was merely a formality for the purpose only of continuing the claim of the plaintiff as a current, instead of an overdue obligation against the estate of said decedent, and said note would not bind her individually, nor would she be obliged to pay any money to the plaintiff by reason of its execution and endorsement."

Plaintiff alleges that the defense thus interposed is unavailing because it is in antagonism to our modern parol evidence rule. That rule, which is a principle applying to the admissibility and effect of oral evidence, can have no applicability in the present stage of the case, however, when questions relating to the admissibility and effect of evidence have not yet arisen. How and by whom they will be proved is not required to be set forth in the affidavit; presumptively they will be proved as required by law. If the facts specified, if proved by the proper quantum and quality of proof, and if believed by the court and jury, will suffice to defeat plaintiff's claim, the affidavit is sufficient. Defendant "is not required in his affidavit of defense to set forth the manner in which the facts therein alleged will be proved, nor the evidence by which they will be substantiated": Gandy v. Weckerly, 220 Pa. 285, 293; Lackawanna Trust Co. v. Carlucci, 264 Pa. 226; Boswell v. Chalmers, 73 Pa. Superior Ct. 543; Cors v. Kilkenny, 84 Pa. Superior Ct. 337, 339. Whether or not the evidence when produced will measure up to the requisite standard, will be known only when it is in fact produced at the trial.

236

Will the facts in the present affidavit of defense, if properly proved and believed, suffice to defeat plaintiff's claim? Clearly they will. Suppose that, at the trial, plaintiff proved them by a writing duly executed, or that plaintiff and the officer who alone acted for the bank at the time the paper sued on was given, agreed, and there was no countervailing evidence, that, at the time the endorsement was signed, and in order to induce defendant to execute it, the bank officer expressly agreed that if plaintiff did so, it "would not bind her individually nor would she be obliged to pay any money to the plaintiff by reason of its execution and endorsement"; and that, on the faith thereof, defendant signed the paper; would any one assert that, under such circumstances, she would nevertheless be held liable. Such a conclusion would be so far from the realms of justice as not to be thinkable, and so it was held in Newland v. Lehigh Valley R. R. Co., 315 Pa. 193; Martin v. Fridenberg, 169 Pa. 447; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Allinger v. Melvin, 315 Pa. 298, and the cases in their train.

The order of the court below is affirmed.