## Silberman et al. v. Crane, Appellant.

Argued October 24, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent.)

*J. George Lipsius,* for appellant.

*Edwin Fischer,* for appellees.

OPINION BY BALDRIGE, P. J., November 19, 1945:

The plaintiffs brought this action in assumpsit to recover the amount alleged to be due under a written contract providing for insertion of an advertisement in their weekly periodical known as "Playbill." Attached to the statement of claim was a copy of the written contract in the form of a printed order to carry defendant's advertisement for 52 weekly issues at $6.00 per issue. It is very brief, containing less than twenty lines and includes the following clause: "Oral agreements will not be recognized."

Defendant in his affidavit of defense alleged fraud and deceit as a bar to the claim, averring that when plaintiffs' agent solicited him to sign this order he was engaged in remodeling his premises, which were incomplete, "lacking lighting facilities." He did not allege that owing to the dim light he was unable to read the contract. He averred also plaintiffs' agent fraudulently induced him to sign upon the representation that the order form or contract provided for cancellation at will. The defendant appealed from an order of the court below entering a summary judgment against him for want of sufficient affidavit of defense.

We are not unmindful of the rule that summary judgment on the pleadings under section 17 of the Practice Act of 1915, as amended, 12 PS §735, should be

entered only in cases that are clear and free from doubt: *Integrity Trust Company, Trustee, v. St. Rita's Building & Loan Assn.*, 317 Pa. 518, 177 A. 5; *Koehring Company v. Ventresca*, 334 Pa. 566, 6 A. 2d 297. We have no doubt as to the propriety of the court's action in this case.

Accepting all the averments in the affidavit at face value, they are obviously insufficient to prevent judgment as they do not establish fraud or any other valid defense. They amount to nothing more than a statement that defendant did not read the contract, and relied on plaintiffs' agent's representation that if signed it would not be binding. This is in flat contradiction to the plain terms of the written instrument and is directly in violation of the parol evidence rule as announced in *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791.

It has been definitely held that a written instrument may not be annulled because one heedlessly refuses and neglects to take the common precaution of reading it before signing: *Berardini v. Kay et al.*, 326 Pa. 481, 486, 192 A. 882; *Schoble v. Schoble*, 349 Pa. 408, 37 A. 2d 604. This is especially true where there is no uncertainty as to the meaning of the provisions of the contract and where the one endeavoring to escape liability is literate.

The cases cited by the defendant are not controlling. In *Friend, Conservator, v. Kuhn*, 316 Pa. 233, 175 A. 690, the facts averred in defendant's affidavit, if taken as true, established fraud and a prima facie defense to the bank's claim. In *Oxweld Acetylene Co. v. Johnson*, 72 Pa. Superior Ct. 404, decided prior to *Gianni v. R. Russell & Co.*, such a fraud was shown as vitiated the written contract.

Plaintiffs' statement alleged defendant had paid $84 on account, which covered the advertisements in the issues of "Playbill" from January 29, 1944, up to and including April 1944. Suit was brought to collect $228 covering the advertisements in "Playbill" for the balance of the year.

The affidavit of defense admitted the payment for the issues up to and including April, but denied further liability. Defendant further averred that he reminded plaintiffs of the alleged oral misrepresentations made prior to the signing of the contract and plaintiffs then agreed to release him if he would continue to advertise in "Playbill" and that in consideration thereof "such advertisements would be terminable at the will of defendant. In April, 1944, plaintiff was advised to discontinue defendant's advertisements as of the May issue." This part of the affidavit of defense is likewise insufficient to prevent judgment. It avers in substance a promise to terminate an existing contract at the option of the defendant, which the plaintiffs were under no obligation to do. This alleged indefinite agreement is unenforceable for want of consideration: *Murray v. Prudential Insurance Company of America*, 144 Pa. Superior Ct. 178, 187, 18 A. 2d 820; *National Bank of Fayette County v. Valentich*, 343 Pa. 132, 135, 22 A. 2d 724. We are constrained to hold the affidavit of defense is insufficient to prevent judgment.

The judgment of the court below is affirmed at appellant's costs.