Schar, Appellant, v. Maier et al.

Argued October 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Warren H. Van Kirk,* for appellant.

*A. S. Fingold,* with him *Reuben Fingold,* for appellees.

PER CURIAM, November 8, 1946:

The plaintiff appeals from a decree dismissing his bill in accord with Equity Rule No. 66.*

The defendants, Maier and wife, owned a 32-acre tract of land in Allegheny County. The defendant, Isner, was a house builder desiring to build houses on the land with money borrowed from the Federal Housing Authority. The land was subject to a mortgage held by Bank of Millvale and also subject to judgments held by the plaintiff Schar. It was necessary to clear the title to the satisfaction of the Federal Authority and the Millvale Bank by satisfying the mortgage and, as to that portion of the land on which the houses were to be built, obtaining a release of the Schar judgments. Schar was willing to release the lien of his judgments on the land to be built upon, but wished to retain his lien on the land not built on. If that was the understanding, there should

---

\* "RULE 66. If the judge or referee, upon the close of plaintiff's evidence, shall be of opinion that the case made in the bill has not been sustained, he shall have power, without hearing evidence on behalf of defendant, to enter a decree of dismissal which shall have the effect of a nonsuit at law. If exceptions are filed to such a decree, and the court or referee refuses to change it, it shall become a final decree for all purposes, and subject to appeal exactly as if it had been entered after a hearing of both parties."

have been no difficulty in drafting appropriate contracts to accomplish the purpose. Instead of doing so, Schar released his liens without exception. The mortgage was satisfied. The houses were built and sold. The Maiers' remaining land was clear of liens and when Schar asked to have his oral understanding to the effect that he should have a lien on the unbuilt upon land carried into effect the Maiers declined. He then filed this bill to require specific performance of that oral agreement. He did not aver that the oral agreement had been omitted from the written papers by fraud, accident or mistake. The case is clearly within the rule of *Gianni v. Russell,* 281 Pa. 320, 126 A. 791, and cases in its train excluding oral evidence in such circumstances. Judge PATTERSON, who heard the case in the court below, quite properly said: "I can see the reason for the transaction taking the form it did but I can't see the reason for leaving this record in the shape it was and I can't see how under the law I can give any relief."

Decree affirmed at appellant's costs.