Hambleton et al., Appellants, *v.* Hartman et ux.

Argued November 18, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*T. J. Reilly,* with him *Reilly & Pearce,* for appellants.

*William K. Rhodes,* for appellees.

OPINION BY HIRT, J., March 11, 1947:

Plaintiffs were duly licensed real estate brokers. Defendants, owners of real estate in Delaware County, entered into a written agency agreement with plaintiffs on March 31, 1945, as follows: "The undersigned hereby employs Hambleton and Ezekiel as the sole and exclusive agent for the sale of the property described on the reverse hereof for a term of 2 months, and agrees to pay to the said agent a commission of (5%) on the gross consideration upon its sale or exchange, by whomsoever the same may be made or effected." The real estate described in the agreement was the residence property of defendants at 345 Fairfax Road, Drexel Hill; the designated sales price was $7,950. In accord with the agreement, plaintiffs secured a purchaser, ready, able and willing to buy the property at that price. An agreement, prepared by plaintiffs, embodying the terms of the sale, was signed by the prospective buyer on April 18, 1945. Defendants refused to sign the agreement or to convey the property to the buyer on payment of the sales price.

Plaintiffs in this action sued for their commission of 5% of the agreed sales price. In their statement of claim they recited the above contract of agency; they averred that they had procured a purchaser at the agreed price and that the defendants refused to enter into a sales agreement with the purchaser or to convey the premises to him on receipt of the purchase price. Defendants' sole reason for non-performance of their con-

tract with plaintiffs, is set forth in their affidavit of defense thus: "Defendants aver that on or about the 28th day of March, 1945, the wife defendant placed said premises with the plaintiffs' agent for sale, with the proviso that the defendants would not enter into any agreement of sale unless and until the defendants had been able to enter into an agreement of sale for another property into which they might be able to move. At this time the plaintiffs, and their agent, Grant G. Hambleton, aforesaid, orally agreed to list defendants' property for sale subject to said proviso. On the 31st day of March, 1945, the said Grant G. Hambleton, agent for the plaintiffs, appeared at the defendants' home and demanded that they sign an exclusive agency agreement, plaintiffs' Exhibit 'A', explaining to the wife defendant that the purpose of signing the exclusive agency agreement was to make sure that no other agent or agents would be able to run in and out of the house showing it to prospective buyers. At the time of delivering to the plaintiffs' agent Exhibit 'A' signed by the defendants, the wife defendant again brought to the attention of the plaintiffs' said agent, that the defendants would not sign any agreement of sale unless and until they had secured a new home for themselves." On plaintiffs' petition and rule, judgment, in the amount of the commissions, was entered for them by the president judge of the lower court, for want of a sufficient affidavit of defense. Thereafter on defendants' motion, the majority of the lower court, the president judge dissenting, opened the judgment and in effect reinstated and discharged plaintiffs' rule. The affidavit of defense did not allege the omission of a parol agreement from the writing through fraud, accident or mistake.

The modern parol evidence rule is stated in *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791, thus: " 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement': Martin v. Berens,

67 Pa. 459, 463; Irvin v. Irvin, 142 Pa. 271, 287. 'All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence': Union Storage Co. v. Speck, 194 Pa. 126, 133; Vito v. Birkel, 209 Pa. 206, 208. The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself 'couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing': Seitz v. Brewers' Refrigerating Machine Co., 141 U.S. 510, 517." The agency agreement in the instant case is a complete legal obligation. The evolution of the rule as to such undertaking was reviewed in *Speier v. Michelson,* 303 Pa. 66, 154 A. 127 and it was unequivocally restated as the law that "unless there was fraud, accident, or mistake in omitting the agreement from the writing, the character of the instrument will not be ignored but will be given its normal effect and will control." In the *Speier* case, a judgment entered for want of a sufficient affidavit of defense, was affirmed. The rule was relaxed in *Friend v. Kuhn,* 316 Pa. 233, 175 A. 690. It was there held that the modern rule relates to the *admissibility and effect of oral evidence* and that therefore the right to judgment can be determined only by the evidence at the trial of the case and not on rule for judgment on the pleadings. The *Friend* case was relied upon in the majority opinion of the court below in opening the present judgment. Later, ignoring the *Friend* case, and inconsistent with its holding, the Supreme Court in *Germantown T. Co. v. Emhardt, (No. 1),* 321 Pa. 561, 184 A. 457, entered judgment

for plaintiff for want of a sufficient affidavit of defense because of the *"fatal omission" of an allegation of fraud, accident or mistake,* under the parol evidence rule. In that case the Supreme Court said: "We do not regard Friend v. Kuhn, supra, as controlling in cases of this character", i. e., (as we read the opinion) on rules for judgment for want of sufficient affidavits of defense. Sporadically, the *Friend* case has been cited, e. g., in *Fed. Res. Bk. Phila. v. Gearon,* 331 Pa. 65, 200 A. 80, but its doctrine has not worked a change in the parol evidence rule where judgment is sought on the pleadings. *Gianni v. Russell & Co.,* supra, has been held to be authoritative in entering summary judgment on the pleadings (in the absence of an averment that the oral agreement had been omitted from the writing by fraud accident or mistake) as recently as *Schar v. Maier,* 355 Pa. 153, 49 A. 2d 387. An affidavit of defense to be good must be self-sustaining. Plaintiffs were entitled to their commissions (*Turner v. Baker,* 225 Pa. 359, 74 A. 172) in the absence of an averment in the affidavit of defense that a modifying parol understanding was omitted from the writing through fraud, accident or mistake.

On moving to have the judgment opened, defendants also offered an amendment to their affidavit of defense in which they alleged that the condition imposed on their agreement to sell was omitted from the written contract "by fraud, accident or mistake." The bald averment of the omission on such ground is but a conclusion of law and is not enough. Where fraud or accident or mistake is set up in a pleading as a ground for relief, the facts which constitute it must be averred. *Levine et al. v. Pgh. State Bank et al.,* 281 Pa. 477, 127 A. 68; *Ashland Towson Corp. v. Kasunic,* 110 Pa. Superior Ct. 496, 508, 168 A. 502. *Silberman et al. v. Crane,* 158 Pa. Superior Ct. 186, 44 A. 2d 598 has much in common with the present case. Defendants' proposed amended affidavit of defense does not allege facts which if proven would constitute fraud, or accident or mistake. The amendment recites an oral agreement on March 28, 1945, under

which plaintiffs agreed "to list defendants' property for sale" subject to the proviso now contended for by the defendants. But this alleged understanding must be regarded merely as part of the negotiations which merged in the written agreement three days later. The written contract was more than an undertaking *to list* the property for sale, it was an exclusive sales agreement. The proposed amendment avers that when the contract "signed by the defendants" was delivered by them to plaintiffs, it was again brought to plaintiffs' attention "that defendants would not sign any agreement of sale unless and until they had secured a new house for themselves." It is not averred that plaintiffs agreed to that condition and defendants, on reading the contract which they had signed, must have noted that the writing was unconditional except as to terms set forth therein. No facts are alleged from which fraud accident or mistake can be inferred. This is a case that is clear and free from doubt (*Silberman v. Crane,* supra) and the court is chargeable with abuse of discretion in opening the judgment.

Order reversed and judgment reinstated.