## Brown et ux. v. Buckner et al.

*Craig Huston*, for plaintiffs.
*Alfred M. Klein*, for defendants.

SLOANE, J., September 16, 1949.—In this case, on motion, we gave plaintiffs judgment on the pleadings (Pa. R. C. P. 1034), for $19,900. The pleadings are: Plaintiffs' complaint in assumpsit, defendants' answer to complaint and counterclaim, plaintiffs' reply to counterclaim.

The matter is the sale by plaintiffs and purchase by defendants of the property at 2022 Locust Street, Philadelphia. Plaintiffs' (sellers) suit is for the balance of the purchase price.

## Complaint

The complaint sets forth the written agreement of sale and purchase (exhibit A), for $21,000, payable $1,000 at signing and $20,000 at settlement. The $1,000 was paid, defendants refused to settle and pay the balance though plaintiffs are ready and willing to convey with title that is "good and marketable and clear of all encumbrances". The written agreement provides that if the buyers failed to make settlement, the sellers could retain the money paid on account either on account of the purchase money or as compensation for the damages and expenses they have been put to. The sellers have elected to exercise the first of these options. See Korman et al. v. Trainer et al., 258 Pa. 362; McClenachan v. Malis, Admx., et al., 310 Pa. 99, 102; Tudesco et ux. v. Wilson, 163 Pa. Superior Ct. 352, 355. Hence this suit.

## Answer

Defendants' answer admits the writing and the deposit of $1,000 (which they counterclaim), and defend because:

1. An employe of plaintiffs' agent misrepresented to defendants that an automatic gas hot water heater was included in the sale when in fact it belonged to a

tenant, who demanded $100 of defendants to leave the heater in the property.

2. The tenant claimed ownership of two "French doors".

3. An encumbrance existed against the property, a recorded agreement between the City of Philadelphia and the Philadelphia Steam Company, pursuant to ordinance, permitting the steam company to lay and maintain steam pipes in the sidewalks of Locust Street, including the sidewalk of 2022 Locust Street.

### Counterclaim

Defendants asked for the return of the $1,000 deposit money.

### Reply to Counterclaim

Plaintiffs averred that the conditions of the sale were not misrepresented in any way; that plaintiffs' agent (or his employe) did not know to whom the heater (and other minor items) belonged, and for that reason there was inserted in the agreement of sale the provision, "Gas and electric fixtures, heating and plumbing systems, ranges and laundry tubs annexed to the said Building are included in this sale if presently owned by the Seller."

At argument, defendants abandoned defenses 2 and 3, namely, as to the French doors and the alleged encumbrance, and rested their defense solely on the misrepresentation as to the $100 gas water heater.

We find this case free from doubt, as we must before we may enter a summary judgment: Silberman et al. v. Crane, 158 Pa. Superior Ct. 186, 187-188, and cases cited.

We are of the firm conclusion that defendants have set up a pretext to break off their written undertaking because of a change of mind as to the purchase itself.

The relationship of $100 to a total amount involving $21,000 makes defendants' sole complaint and defense so small and immaterial as to suggest at once the doctrine of substantial performance (see Sgarlat v. Griffith, 349 Pa. 42) especially when it is considered (as stated in plaintiffs' reply to counterclaim), "that said hot water heater would not be an additional expense to defendants"; the brokers entitled to commissions on the sale would absorb the $100. Assuming the averment of misrepresentation to be true, there is here no averment of such default on the sellers' part as to entitle the purchasers to rescind. At best they have a defense pro tanto. If the case went to trial, a verdict for defendants could not stand. The most defendants could get would be an abatement of the purchase price by $100, and that they have. We entered judgment,[1] with approval of plaintiffs, for $19,900 instead of $20,000, giving defendants the benefit of the abatement.

---

[1] On July 19, 1949, we entered a conditional judgment that defendants, on or before August 8, 1949, pay $19,900 (the balance of the purchase money less an abatement of $100 for the heater), upon delivery by plaintiffs of a duly executed and recordable deed for the property. On August 9, 1949, defendants having failed to comply (without fault of plaintiffs) final judgment was entered for plaintiffs for $19,900 with interest. The authority to "enter such judgment or order as shall be proper on the pleadings" is contained in Pa. R. C. P. 1034(b), and the court has the power to control the form of judgments: Rau v. Manko et al., 341 Pa. 17, 26. In Hunter et al. v. Lewis et al., 234 Pa. 134, and Boyd v. Hoffman, 241 Pa. 421, judgments in similar situations were accompanied by the condition that plaintiff deposit a deed for the property with the prothonotary before being allowed to proceed with enforcement of the judgment. Plaintiffs here aver ability and readiness to convey the property upon payment of the judgment, but we did not attach the condition since plaintiffs should not be hampered in the event the judgment should prove to be uncollectible. If the judgment is paid, any appropriate orders which become necessary may then be entered.

Defendants contend there is a sufficient averment of false representations on the part of plaintiffs inducing execution of the agreement by defendants, as to constitute a defense entitling them to go to trial. For purchasers to have the right to rescind for misrepresentation, it must be as to a material matter. For example, in McNeile v. Cridland et al., 168 Pa. 16, the misrepresentation by plaintiff's agent was that the house was well-built on solid ground; in Ohlbaum v. Mayer et ux., 285 Pa. 260, an agent made false statements as to the boundaries of the property; in Zettlemoyer et ux. v. Bloch et al., 329 Pa. 205, the representation was that a concrete State highway would be built close to the lots in question. In the latter case the seller knew his statement was false, but even a nonfraudulent representation of a material matter which is in fact false may give rise to liability to the purchaser. See Merritz v. Circelli et ux., 361 Pa. 239, 242. In Suraci v. Ball, 160 Pa. Superior Ct. 349, it was held that a purchaser could recover his hand money and expenses because of false representations by the seller's husband of the amount of yearly taxes on the property.

Here the representation was not as to any material matter. The title to the property was not affected, nor its condition misrepresented, nor any misstatement made as to proposed improvements. Here the claimed misrepresentation involved only $100, which is altogether minor in a total consideration of $21,000. Defendants would have an adequate remedy at law for this if they needed it, which they do not, for they are being given credit for the $100. There is no merit to the contention that such a misrepresentation justifies avoiding the agreement in its entirety.

Defendants also argued that it was not until two months after they signed the agreement that they learned for the first time that the hot water heater

was not to pass with the ownership of the property, thus showing that no understanding had been reached with respect to it and that the agreement was therefore not complete. But the heater is obviously covered by the provision: "Gas and electric fixtures, heating and plumbing systems, ranges and laundry tubs annexed to said Building are included in this sale if presently owned by the Seller." The words "if presently owned by the Seller" were added in typing to the rest which was part of the printed form, and exclude the heater which admittedly belonged to the tenant. Under the parol evidence rule, evidence that the heater was to be included would be inadmissible. See Walker v. Saricks, 360 Pa. 594; Preuhs v. DiBello, 160 Pa. Superior Ct. 384. The writing is the best and only evidence of the contract, since it is complete and without ambiguity: Black et ux. v. Cinquegrani et ux., 163 Pa. Superior Ct. 157, 162.

Judgment may be entered on pleadings in application of the parol evidence rule (Hambleton et al. v. Hartman et ux., 160 Pa. Superior Ct. 447, 450-451), in the absence of an averment that a "modifying parol understanding was omitted from the writing through fraud, accident or mistake." Defendants here make no such averments so as to enable them to have the written agreement altered to include the heater. Defendants need not have accepted the addition of the typed qualification if they wanted to make sure of getting all the equipment of the kind set forth in the printed words of the agreement. They have made no sufficient averment of fraud, accident or mistake in the insertion of the proviso.

The agreement may therefore not be varied or contradicted by parol evidence, but despite argument on the point we think the parol evidence rule is not involved. Defendants do not want to alter or reform the agreement; they want it rescinded. If an issue

were raised as to actual ownership of particular items covered by the clause, evidence would be receivable for that purpose. But that evidence would not be contrary to the agreement, nor explanatory of its meaning. It would be to determine whether certain items did or did not belong to the sellers. No such issue was raised here; it is not disputed that the only item in question, the heater, belonged to the tenant and not the sellers. With no issue in the case requiring a trial for decision, we entered the judgment.

NOTE.—An appeal to the Supreme Court was withdrawn on November 7, 1949.