## Stein, individually and trading, v. Goldberg et al.

*A. Allan Goodman* by *Sheldon Tabb* and *Paul Brandeis*, for plaintiff.

*George Gurdon Fay* and *Morris H. Vernick*, for defendants.

OLIVER, P. J., December 20, 1954.—This is a suit in equity under the Bulk Sales Act of May 23, 1919, P. L. 262. Plaintiff is seeking to recover a brokerage commission allegedly due him. On June 21, 1954, a hearing was held on plaintiff's application for a preliminary injunction. The injunction was granted and, on September 30, 1954, the matter came on for final hearing.

Plaintiff, Morris Stein, alleged that he is a broker engaged in buying and selling, on commission, going business concerns; that defendants Nathan Goldberg and Morris Rosen were co-partners who owned and operated a taproom; that on September 28, 1954, defendant Goldberg, on his own behalf and as the authorized agent for defendant Rosen, entered into a written agreement whereby plaintiff was employed as the broker for the partnership and authorized to attempt to obtain a purchaser of the taproom; that plaintiff was to receive five percent of the sale price of the business if sold while the agreement was still in force, and that plaintiff made diligent efforts to sell the business.

Plaintiff further averred that on April 6, 1954, while said agreement was still in effect, defendants Goldberg and Rosen entered into a written agreement of sale with defendant, Stevel Bar, Inc.; that the purchase price was $30,000; that plaintiff was a creditor of defendants Goldberg and Rosen, and entitled to the benefit and protection of the Bulk Sales Act of May 23, 1919, P. L. 262; that defendants failed to comply with the Bulk Sales Act in that the purchaser, Stevel Bar, Inc., failed to demand or receive from vendors Goldberg and Rosen, an affidavit setting forth the name of plaintiff as a creditor of the vendors; that the purchaser failed to notify plaintiff of the proposed sale, and failed to see to the proper application of the purchase money.

Plaintiff prayed the sale be declared void and fraudulent; that Stevel Bar, Inc., be held liable as receiver and the property purchased by it be held for the benefit of the creditors of defendants, Goldberg and Rosen; that Stevel Bar, Inc., be restrained from selling or disposing of the stock and fixtures; that plaintiff be declared a creditor of defendants, Goldberg and Rosen, in the sum of $1,500; that Stevel Bar, Inc., be decreed to pay plaintiff's claim with costs and interest.

Each defendant filed a separate answer. Goldberg denied that he had authority from Rosen to enter into any written agreement with plaintiff. Goldberg alleged that he was unable to read the printed form presented to him by plaintiff because he did not have his glasses with him; and that he was under the mistaken belief (due to plaintiff's misrepresentation) that the form provided for an exclusive broker's agency for only three months. He further denied that the agency was to continue until terminated by 30 days' written notice, and he denied any failure to comply with the Bulk Sales Act.

Rosen filed an answer which, in substance, was similar to that of Goldberg. He denied that he ever entered into any agreement with plaintiff, directly or indirectly. Specifically, he denied giving his partner any authority to contract on his behalf, or on behalf of the partnership, with plaintiff. Finally, Rosen denied failure to comply with the Bulk Sales Act.

Stevel Bar, Inc., pleaded that it had no knowledge of the material averments of plaintiff's complaint and denied failure to comply with the Bulk Sales Act.

All three defendants denied that plaintiff was entitled to the relief he sought.

At the hearing plaintiff was granted leave to amend his complaint. He did so, alleging that the purchase price was $25,000 and that he was entitled to $1,250. He also alleged that the sale was consummated on March 29, 1954.

### Findings of Fact

The chancellor makes the following findings of fact:

1. Plaintiff, Morris M. Stein, individually and trading as Regal Business Brokers, is a broker engaged in the business of buying and selling, on commissions, going business concerns.

2. Defendants, Nathan Goldberg and Morris Rosen, trading as copartners under the name of Nate's Bar, owned and operated a taproom at 1432 West Columbia Avenue, Philadelphia.

3. Defendant, Stevel Bar, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is presently engaged in the business of conducting the taproom at 1432 West Columbia Avenue, Philadelphia, formerly owned by defendants, Nathan Goldberg and Morris Rosen.

4. On September 28, 1954, defendant, Nathan Goldberg, on his own behalf, and as the duly authorized agent of the partnership, entered into a written agree-

ment with plaintiff whereby plaintiff was appointed their sole and exclusive agent for the sale of the taproom business located at 1432 West Columbia Avenue, Philadelphia, pursuant to the terms and conditions therein set forth.

5. The agreement provided, inter alia, that the agency was to continue for a minimum of three months and thereafter until terminated upon 30 days' written notice.

6. Plaintiff thereupon undertook said employment and did advertise the busines for sale, and did invite prospective customers to inspect the business premises.

7. On March 29, 1954, defendants, Goldberg and Rosen, sold the busines to defendant, Stevel Bar, Inc., who took possession of the taproom and paid to defendants, Goldberg and Rosen, the sum of $25,000.

8. Neither at that time nor at any time prior thereto, had defendants Nathan Goldberg or Morris Rosen given plaintiff notice of their desire to terminate the agency agreement pursuant to the terms and conditions of the agreement.

9. Upon the execution of the agreement of sale for the business, defendants, Nathan Goldberg and Morris Rosen, became obligated to pay plaintiff five percent of $25,000, or $1,250, in accordance with their agency contract with plaintiff.

10. At the time of the consummation of the sale both defendants, Nathan Goldberg and Morris Rosen, knew or should have known that plaintiff was a creditor of theirs to the extent of the commission due him, to wit, $1,250.

11. Defendant, Stevel Bar, Inc., paid to defendants, Nathan Goldberg and Morris Rosen, the purchase price without receiving from them any affidavit setting forth the names and addresses of *all* their creditors, together with the amount of indebtednes due and owing each by the partnership.

12. Defendant, Stevel Bar, Inc., failed to notify plaintiff of the proposed sale, the price to be paid, the time for the sale, and the terms and conditions thereof.

13. Defendant, Stevel Bar, Inc., failed properly to apply the purchase money to the claims of creditors of defendants, Nathan Goldberg and Morris Rosen.

### Discussion

Defendants, Nathan Goldberg and Morris Rosen, were formerly partners, each having a one-half interest in the taproom known as Nate's Bar, located at 1432 West Columbia Avenue, Philadelphia. Plaintiff, Morris Stein, individually and trading as Regal Business Brokers, was and is engaged in the business of buying and selling, on commission, going business concerns.

On September 28, 1953, plaintiff spoke to defendant Goldberg and, as a result of this conversation, Goldberg signed an agreement giving plaintiff an exclusive agency to sell defendants' taproom. The agreement provided that the agency was to continue for a minimum of three months and thereafter until terminated upon 30 days' notice. The agreement also provided that, if the business was sold during its lifetime plaintiff was to receive five percent of the purchase price whether he procured the purchaser or not.

As a result of this agreement plaintiff made diligent efforts to sell defendants' taproom. He sent between 10 and 15 different prospective buyers to see defendants. At the hearing on application for preliminary injunction, plaintiff also introduced into evidence copies of three issues of a Philadelphia newspaper showing advertisements placed by him for the sale of the taproom. Despite plaintiff's efforts, however, he was unable to procure a purchaser.

On March 29, 1954, defendants, Goldberg and Rosen, sold their taproom to defendant, Stevel Bar, Inc., for $25,000. This sale had been arranged by another

broker engaged by defendants, Goldberg and Rosen. Plaintiff brought this suit to recover five percent of the $25,000 sale price, alleging that the agreement signed by Goldberg was still in effect since neither Goldberg nor Rosen had ever given notice to terminate it. It is clear from the testimony that neither Goldberg nor Rosen ever gave any notice to plaintiff of their intention to terminate the agreement.

The agreement is clear and unambiguous on its face. Defendant Goldberg seeks to avoid the agreement on the ground that he did not read it, and could not because he did not have his glasses with him at the time he signed it. He also maintains that he was ignorant of the requirement that 30 days' notice had to be given to terminate the agreement. There is no merit to this defense. From the testimony it is obvious that plaintiff did not mislead Goldberg into thinking the contract was for three months only. If anything, Goldberg misled himself. If he desired, he could have asked plaintiff to read the agreement to him. Goldberg did not request this and has only himself to blame for his alleged ignorance of its terms. The law was not designed to protect those who foolishly fail to read a legally binding agreement or have its contents explained to them. In Silberman et al. v. Crane, 158 Pa. Superior Ct. 186, the court said:

"It has been definitely held that a written instrument may not be annulled because one heedlessly refuses and neglects to take the common precaution of reading it before signing. [Citations omitted.] This is especially true where there is no uncertainty as to the meaning of the provisions of the contract and where the one endeavoring to escape liability is literate."

Defendant Goldberg testified that he has never read anything he signed. A court cannot protect an individual from the consequences of such irresponsible conduct.

Defendant Rosen asserted that he is not liable on the contract because his partner Goldberg was not acting as his agent or as agent for the partnership and had no authority to enter into the agreement with plaintiff. Rosen introduced into evidence a copy of the partnership agreement he entered into with Goldberg. This agreement was not brought to the attention of plaintiff. However, it provided that neither partner was to enter into any contract with a third party without first obtaining the written consent of the other partner. Goldberg never obtained written consent from Rosen before entering into the contract with plaintiff. But, from the testimony it is quite clear that this provision of the partnership agreement was more honored in the breach than in the observance. Be that as it may, Rosen was informed by Goldberg that the latter was going to see plaintiff and ask plaintiff to try to sell the business. Rosen did not insist that Goldberg get written permission for this, and he assented to Goldberg's entering into an agreement with plaintiff. This is abundantly clear from the testimony. Rosen was asked by the chancellor:

"But I take it from the answer you previously gave that when your partner told you he knew this broker to whom he was going to refer the matter, you did not object to that?"

He answered: "No, I didn't object to that. . . ."

At another point Rosen testified that Goldberg had told him that he (Goldberg) had been referred to a broker and could give the agency to the broker to see what could be done. The chancellor asked: "And you said all right?" Rosen replied, "I said O.K." Therefore, Goldberg was acting for the partnership when he signed the contract with plaintiff, and Rosen is bound by the agreement.

The Stevel Bar, Inc., was joined as a defendant on the ground that it did not comply with the Bulk Sales

Act when it bought the taproom in question. The Bulk Sales Act of May 23, 1919, P. L. 262, provides:

"It shall be the duty of every person who shall . . . purchase, . . . any stock of goods, wares, or merchandise of any kind, in bulk . . . before paying to the vendor . . . to demand of, and receive from, such vendor . . . a written statement, sworn to substantially as hereinafter provided, of the names and addresses of *all* the creditors of the said vendor to whom said vendor may be indebted. . . ." (Italics supplied.)

The cases are quite clear that a broker, particularly one possessing an exclusive agency, is a "creditor" within the meaning of the Bulk Sales Act: Axler v. Forman et al., 39 D. & C. 702; Blau, etc., v. Kolla et al., 55 D. & C. 604; Plumer v. Flynn et al., 86 D. & C. 47.

Stevel Bar maintains that it is not liable under the Bulk Sales Act because it complied with that act when it purchased the taproom. It is true that purchaser did demand of, and receive from, the vendors the following affidavit:

"Nathan Goldberg and Morris Rosen, being duly sworn according to law, depose and say that they are the sole owners of the business and appurtenances situated at 1432 West Columbia Avenue, Philadelphia, Pennsylvania, and that there are no creditors holding claims due, or which shall become due for or on account of goods, wares, merchandise or fixtures purchased on credit, or on account of money borrowed to carry on the business of which said stock of fixtures or stock and fixtures are a part, and that the facts set forth in this affidavit are within the personal knowledge of affiants."

However, a careful scrutiny of this affidavit reveals that the statement sworn to is carefully limited. It does not purport to list *all* of vendors' creditors, as it must under the act. It simply states that vendors have

no creditors of a certain type. This is not sufficient under the Bulk Sales Act, which is aimed at protecting the interests of *all* of a vendor's creditors. Because purchaser did not demand of and receive from vendors an affidavit designed to protect plaintiff, as it should have done, we are of the opinion the purchaser failed to comply with the provisions of the Bulk Sales Act.

## Conclusions of Law

The chancellor draws the following conclusions of law:

1. Defendants, Nathan Goldberg and Morris Rosen, are indebted to plaintiff in the amount of $1,250, with interest from March 29, 1954, to the date hereof, under the written exclusive agency agreement with plaintiff.

2. Plaintiff is a creditor of defendants, Nathan Goldberg and Morris Rosen, within the meaning of the Bulk Sales Act of May 23, 1919, P. L. 262.

3. Defendants, Nathan Goldberg and Morris Rosen, had a duty to inform defendant, Stevel Bar, Inc., that plaintiff was a creditor, and the amount of his claim, in the manner provided for in the act.

4. Defendant, Stevel Bar, Inc., had a duty before paying the purchase price to demand from defendants, Nathan Goldberg and Morris Rosen, a statement setting forth the names and addresses of *all* the creditors of defendants, Nathan Goldberg and Morris Rosen. The limited affidavit they received was not in compliance with the terms of the Bulk Sales Act.

5. The sale by defendants, Nathan Goldberg and Morris Rosen, to defendant, Stevel Bar, Inc., was in violation of the Bulk Sales Act.

6. Defendant, Stevel Bar, Inc., is liable to plaintiff as receiver for the fair value of all the property purchased by him from defendants, Nathan Goldberg and Morris Rosen, to the extent of $1,250, with interest from March 29, 1954, to the date hereof.

*Decree Nisi*

And now, December 20, 1954, this cause having been heard on bill, answer and proofs, it is ordered, adjudged and decreed as follows:

1. Defendants, Nathan Goldberg and Morris Rosen, are hereby ordered to pay plaintiff, Morris Stein, trading as Regal Business Brokers, the sum of $1,250, with interest thereon from March 29, 1954.

2. Defendant, Stevel Bar, Inc., is hereby declared to be liable to plaintiff, as receiver of the merchandise, fixtures, good will, licenses and all other assets of the taproom located at 1432 West Columbia Avenue, Philadelphia, purchased by it from defendants, Nathan Goldberg and Morris Stein, to the extent of $1,250, with interest thereon from March 29, 1954.

3. Defendant, Stevel Bar, Inc., is hereby restrained from selling, transferring, encumbering, or otherwise disposing of the aforesaid assets of the business, other than in the course of ordinary retail business.

4. The costs of these proceedings shall be paid by defendants.

The prothonotary is directed to enter this decree nisi, and to give notice thereof to the parties or their counsel of record, and unless exceptions are filed within 20 days thereafter, the decree nisi shall become the final decree, as of course.