## Commonwealth, Appellant, v. Kaplan, trading as Broad Service Station.

540

Argued April 17, 1933.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

*Leo Weinrott,* Special Deputy Attorney General, with him *Wm. A. Schnader,* Attorney General, for appellant.

*C. Russell Phillips,* with him *Herman N. Silver, Philip V. Mattes* and *Montgomery & McCracken,* for appellee.

PER CURIAM, May 22, 1933:

The Commonwealth sued defendant, a dealer in liquid fuels, to recover $366.60 alleged to be due as gasoline tax collected by defendant under the provisions of the Act of May 1, 1929, P. L. 1037, for the months of October and November, 1930, and May, 1931. The amount claimed for May, i. e., $102.27, with interest, was admitted by defendant to be due. Liability for the balance was denied on the ground that checks for the sums in question had been sent to the Department of Revenue by defendant on November 15, 1930, and December 15, 1930, respectively. These checks were drawn on the Bank of Philadelphia and Trust Company, which at that time had been merged with the Bankers Trust Company. It is admitted that defendant's account was ample to cover the checks had they been presented for payment promptly, but for some reason, not disclosed by the record, they were retained by the Commonwealth until after the Bankers Trust Company had been taken over by the Secretary of Banking on December 22, 1930, as an insolvent institution.

The trial judge directed a verdict for the Commonwealth for the full amount claimed on the ground "that all taxes must be paid and remitted in cash, and that the Department of Revenue had no authority to give instructions to gasoline vendors to the contrary." However, upon reargument of defendant's motion for judgment n. o. v., the court reconsidered its former action and directed that judgment be entered for plaintiff solely for the amount admitted to be due. This action resulted from the court's decision that, since defendant had been instructed by the Department of Revenue to remit by check or money order and not to send cash, and such order was authorized by section 6 of the Fiscal Code (Act of April 9, 1929, P. L. 343) as a reasonable and necessary regulation for the proper handling of the tax imposed and collected on sales of gasoline, there could be no liability upon defendant for the failure of the Commonwealth's officer to deposit the checks promptly.

We are of opinion the lower court properly refused to enter judgment for the sums claimed on the checks drawn on November 15th and December 15, 1930. Defendant is not a taxpayer (so far as the gasoline tax is concerned), but a collector or agent for the Commonwealth: Schoyer v. Comet Oil and Refining Co., 284 Pa. 189. The money thus collected by him as a liquid fuel tax is a debt due the Commonwealth but not within the rule that "a receiver of public moneys who has given bond for its safe keeping, is not discharged from liability therefor by the failure of his banker": Nason v. Directors of the Poor, 126 Pa. 445, 459. When the tax collector, the gasoline vendor here, has fulfilled his duty to keep the money safely, and has remitted to the proper officer of the Commonwealth, in accordance with instructions, a check drawn upon a solvent institution at which payment would have been made had the instrument been promptly presented, his liability ceases and he cannot be held responsible for the negligence or delay of the Commonwealth in presenting the checks for payment as was the case here.

The judgment of the court below is affirmed.