Commonwealth ex rel. Department of Justice, Appellant, *v.* Socony-Vacuum Oil Company, Inc.

Argued May 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*C. James Todaro,* Special Deputy Attorney General, with him *E. A. DeLaney,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*C. Russell Phillips,* with him *Montgomery, McCracken, Walker & Rhoads,* for appellee.

PER CURIAM, June 29, 1945:

This is an action in assumpsit by the Commonwealth of Pennsylvania, appellant, against Socony Vacuum Oil

Company, Inc., appellee, to recover $33,269.66 with interest and attorney general's commission. Suit was brought on an alleged contract of guaranty executed by Vacuum Oil Company, predecessor of appellee, guaranteeing payment of liquid fuel taxes and penalties finally established and legally chargeable to the Hi-Grade Gas and Oil Co., Inc., a Delaware corporation, by reason of its acquisition of assets of any individuals, firms or corporations engaged in selling liquid fuels in Pennsylvania. This case was before us in *Commonwealth ex rel., v. Socony Vacuum Oil Company, Inc.,* 347 Pa. 410. This Court reversed the court below and held that the Act of 1929, P. L. 343, Section 1403, covered unpaid taxes owing by the vendor corporation in any capacity and not only as a taxpayer. We there stated, in an opinion by Mr. Justice HORACE STERN, on page 417: "The controlling issue, therefore, is whether the assets acquired by the Delaware corporation were purchased from the Pennsylvania corporation, which owed the liquid fuel taxes to the Commonwealth, or from the copartnership, which did not owe them and which, in any event, is not within the scope of the Act of 1929." The record was remanded to the court below for the purpose of determining this issue. After a hearing on this issue the hearing judge found as a fact that: "There is no evidence that Abraham Fierman, et al., trading as Hi-Grade Gas & Oil Company, a partnership, owes anything to the Commonwealth or that the Commonwealth took any steps to collect anything from the partnership." This finding was approved by the court en banc. This appeal followed.

Findings of fact by a hearing judge, approved by the court en banc, have the force and effect of the verdict of a jury, and on appeal will be disturbed only when arbitrarily and capriciously made. There is ample evidence in this record to support the findings and conclusions of the court below.

Judgment affirmed.