Dziedzic et ux., Appellants, *v.* Kaplan et ux.

Argued January 14, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

420

*Maurice V. Cummings*, with him *Michael R. Shehadi* and *Edward A. Reilly*, for appellants.

*S. Augustus Davis*, with him *J. Desmond Kennedy* and *Fitzgerald & Kelly*, for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 22, 1948:

Michael Dziedzic and Mary Dziedzic filed their bill in equity to restrain Isadore Kaplan and Frieda Kaplan, appellees, from proceeding with the erection of a concrete block building to be used as a slaughter house and to compel the removal of that portion already erected, alleging an encroachment upon an easement existing by virtue of a conveyance of land according to a plan laying out the land into streets, alleys and plots. Edgar J. Hull, one of the heirs of George M. Hull, the original owner of the land involved, was permitted to intervene as a party plaintiff. The answer to the bill denied the existence of the easement. After a hearing, the chancellor concluded that appellants failed to satisfactorily prove the existence of an easement and dismissed the bill. This appeal is from the decree of the court below dismissing exceptions to the adjudication.

The bill of complaint avers that: The respective properties of appellants and appellees are situate in what is known as Hull's Addition, in the Borough of Olyphant, Lackawanna County. All of the deeds to land here involved refer to a plan of Hull's Addition recorded in the Office for the Recording of Deeds in and for the County of Lackawanna. The plan shows Hull Avenue extending from Lackawanna Street to the Lackawanna

River. By reason of the recitation of the plan in the deed of conveyance to appellants, they became owners of an easement upon all streets and alleys shown thereon, and there arose implied covenants that streets and alleys thereon set forth should be forever open to their use. Isadore Kaplan and Frieda Kaplan, appellees, in complete disregard of the aforesaid rights of appellants, commenced the erection across Hull Avenue of a concrete block building intended to be used as a slaughter house. The bill concluded with a prayer that appellees be enjoined from further proceeding with the erection of the building and be compelled to remove the same insofar as it encroached upon Hull Avenue.

The pleadings put in issue the existence of an easement or implied covenant of right of way. Several deeds were introduced into evidence wherein the land conveyed was described as bounded by Hull Avenue. Those deeds were not, however, to the land here involved. The description in appellees' deed does not use Hull Avenue as a boundary. Reference is made therein to a plan of record which was appellants' Exhibit No. 1. Examination of this exhibit does not show Hull Avenue extending to the Lackawanna River as appellants assert. Brinley Lewis, engineer for the Borough of Olyphant, and a witness for appellants, testified with regard thereto: "Q. On that map is Hull Avenue shown? A. Yes, sir. Q. Extending beyond the Westerly corner of Lot No. 1, Block 3, and the Southerly corner of Lot No. 6, Block 4? A. No, sir." There was also credible evidence that because of silt deposits from the river and dumping of ashes, the land in question had extended into the river.

The chancellor found as a fact: "[Appellants'] right of access to the river is doubtful because there is no definite proof by map that Hull Avenue ever extended to the river." This finding was approved by the court *en banc*, and, supported as it is by evidence, has the binding effect of a verdict of a jury: *Commonwealth*

*ex rel. Department of Justice v. Socony-Vacuum Oil Company, Inc.*, 352 Pa. 527, 528, 43 A. 2d 98. The foundation of appellants' requested relief was proof of the existence of an easement by dedication to the public or an implied covenant of right of way created by the use of a street or highway as a boundary or conveyance with relation to a plan: *Snyder v. Commonwealth*, 353 Pa. 504, 46 A. 2d 247; *Transue v. Sell*, 105 Pa. 604; *McKee v. Perchment*, 69 Pa. 342; *Robinson v. Myers*, 67 Pa. 9; *Andreas v. Steigerwalt*, 29 Pa. Superior Ct. 1. They relied upon the map as the source thereof, and failed to establish this essential fact by clear evidence. No cogent or persuasive reason exists to warrant implication of an intention to extend the lines shown on the plan. See *Miller v. Mackey*, 204 Pa. 345, 54 A. 171. The evidence compels a contrary conclusion.

Decree affirmed; costs to be paid by appellants.