Dunlap, Appellant, *v.* McCullough.

Argued October 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*J. Kennard Weaver,* for appellant.

*Joseph N. Bongiovanni, Jr.,* with him *Walter E. Alessandroni,* for appellee.

OPINION BY HIRT, J., November 12, 1952:

Plaintiff Maude A. Dunlap and her then husband Leonard D. Dunlap lived together in the premises at 6427 Saybrook Avenue, Philadelphia, which they owned by the entireties. Following the termination of their marriage on August 17, 1948, by divorce, they attempted to agree on a division of their property. Their efforts to make a property settlement were unsuccessful until February 8, 1949, when they entered into a written agreement. By the terms of the writing Leonard D. Dunlap agreed to convey his interest in the above real estate to the plaintiff, and she in turn agreed to give her "Bond and Warrant" for the payment to him of $2,000 within 10 years with interest at 4%, with the right to anticipate payments on the principal. The provisions of the written agreement as a whole indicate that it was the intention of both of the parties to

settle with finality all other differences between them. On February 25, 1949, the agreement as to the real estate was consummated by a conveyance to plaintiff by Leonard D. Dunlap of his interest in the real estate and by the delivery by her of a mortgage to him in the sum of $2,000, payable in accordance with the terms, as stated in the written agreement.

Leonard D. Dunlap died testate on February 20, 1951. By his will he disinherited his children and gave his entire estate, both personal and real, to Gertrude S. McCullough, the defendant in this proceeding; he also appointed her sole executrix of his estate. On November 28, 1951, plaintiff filed a bill of complaint in the present equity action. The bill in substance alleged that on February 6, 1949, the parties entered into a collateral oral agreement, which induced the plaintiff to execute the writing two days later, to this effect: "That if the said Leonard D. Dunlap should die first, the $2,000 mortgage . . . recited in the written agreement would be cancelled; and if the plaintiff, Maude A. Dunlap should die first . . ." it was agreed that the balance due on the mortgage would be paid from the proceeds of the sale of the property by the children of the parties. The alleged parol agreement is silent as to how it was to be enforced on either contingency. In this action plaintiff sought equitable relief in an order directing the defendant as executrix to satisfy the mortgage of record.

At the hearing in the court below, defendant's objection to plaintiff's offer to prove a modification of the written instrument by the above alleged oral agreement, was sustained, and the bill was dismissed. There is no merit in this appeal from that order.

The principles upon which appellant relies are no longer the law under the Modern Parole Evidence Rule

in Pennsylvania. In *Gianni v. Russell & Co. Inc.,* 281 Pa. 320, 126 A. 791, in asserting the intention "to stand for the integrity of written contracts" the Supreme Court reaffirmed the principle that " 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement' ". In that case it was sought to modify the scope of a written lease by an asserted oral agreement made, as in the instant case, at least two days before the execution of the writing, which allegedly induced the tenant to sign. It was there held that the writing on its face imported a legal obligation, complete in all of its terms, and since the alleged oral agreement related to the same subject-matter as the written lease, the scope of the subsidiary agreement must be taken to be covered by the writing. The modern rule as restated in the *Gianni* case has been followed without exception in our court (Cf. *McMinn v. Mammone,* 169 Pa. Superior Ct. 1, 82 A. 2d 70) and in the Supreme Court, notably in *Speier v. Michelson,* 303 Pa. 66, 154 A. 127 and more recently in *Grubb v. Rockey,* 366 Pa. 592, 79 A. 2d 255. In the latter case the Supreme Court refused to permit the modification of a comprehensive written agreement by an oral understanding which induced the execution of the writing.

The present case is ruled by the above authorities. Fraud is not alleged, nor could it be under the circumstances. The written agreement was drawn by appellant's attorney. There was ample time for a redraft of it to include the substance of the modified terms of the mortgage allegedly agreed to by parole on February 6, 1949, before the execution of the agreement two days later. It is significant that in the subsequent performance of the contract appellant gave a mortgage

on delivery of the deed to her, embodying the precise terms, without modification, as set forth in the written agreement. The alleged oral agreement goes to the discharge of appellant's obligation of the mortgage; it relates to the same subject-matter and therefore, cannot modify its terms. Cf. *Schiehl's Estate*, 179 Pa. 308, 36 A. 181; *Barnsley v. Shaffer et al.*, 358 Pa. 415, 57 A. 2d 870.

Judgment affirmed.