Smith *v*. Marcus, Appellant.

Argued October 13, 1953.    Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*David Kanner,* for appellants.

*Morris Chernock,* with him *Joseph J. Frieri,* for appellees.

OPINION BY HIRT, J., March 16, 1954:

In this action the plaintiffs recovered a verdict for $924 against Jay Jay Home Improvement Company, a partnership, based upon a modification of a written instrument by parol which the lower court sanctioned. The jury found in favor of the defendant, Portner, and that verdict is not questioned. In this appeal the defendant partners contend that they are entitled to judgment n.o.v.

The plaintiffs in August 1947 entered into a written contract with Edward Portner, referred to at the trial as the additional defendant, for remodeling a house owned by them in Philadelphia. The contract price was $2,000, payable in monthly installments. Plaintiffs had negotiated with Portner on the premises and Portner there had made a memorandum of the work to be done. No specifications however were embodied in the agreement with him. About one month

later, Portner, desiring to be relieved of his contract (for reasons which do not appear) arranged for a meeting on the premises between plaintiff Howard Smith and Jerome H. Marcus, a member of Jay Jay Home Improvement Company, defendant. Smith, in going through the house with Marcus, indicated to him the alterations and repairs which he had in contemplation. A written contract, signed by both plaintiffs was entered into on September 20, 1947, in which the Jay Jay partnership for a consideration of $2,177 agreed to supply all labor and materials necessary to complete the work according to detailed specifications set forth in the contract. The contract provided for "Work to be done *only* as specified below" (italics added) and the specifications were written into the contract from notes which Marcus had made on the premises from information given him by Smith when they went through the house together. All of the work as specified in the contract was performed by the Jay Jay partnership and the Smiths paid the entire contract price. We are not concerned with the method of payment adopted by plaintiffs nor the fact that their contract obligation was financed by a Federal Housing Administration loan.

This action was brought to recover the value of additional work which Marcus allegedly agreed to perform. It was contended that certain items of work included in the Portner agreement were to be performed by the Jay Jay partnership as a part of their undertaking. The reason for the omission of these items from the specifications of the written contract is thus stated in plaintiffs' complaint: "Marcus stated that he was in a hurry and that he had no time to add the necessary items in writing, and assured the plaintiffs that he would abide by and undertake to complete and finish whatever work was included in plaintiffs' afore-

said agreement with Portner . . ." And on the trial of this case the court permitted plaintiffs to modify the written agreement increasing the contractor's obligation by reading into it by parol a list of items from a memorandum allegedly made by Portner when he figured on the work.

On the principle of *Gianni v. Russell & Co. Inc.*, 281 Pa. 320, 126 A. 791, there is clear error in the refusal of the court to enter judgment n.o.v. in favor of the defendants with whom the plaintiffs contracted. It is now the settled law that " 'Where parties, [as in the present case] without fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement . . .' " A writing must be taken to be the entire contract if it appears to be complete within itself and is " 'couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement . . .' " A test as to whether an alleged oral agreement comes within the field of the writing is to compare the two and determine ". . . whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If they relate to the same subject-matter and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing": *Gianni v. Russell & Co. Inc.*, supra, pp. 323, 324. In *O'Brien et al. v. O'Brien*, 362 Pa. 66, 71, 66 A. 2d 309, the principle of the *Gianni* case was reaffirmed with the comment that it has become "firmly imbedded in the law of this Commonwealth." This Court, latterly, has adhered to the principle without exception. The following cases are typical: *Preuhs v. DiBello*, 160 Pa. Superior Ct. 384, 51 A. 2d 407; *Ham-*

*bleton et al. v. Hartman,* 160 Pa. Superior Ct. 447, 51 A. 2d 511; *McMinn v. Mammone,* 169 Pa. Superior Ct. 1, 82 A. 2d 70; *Dunlap v. McCullough,* 172 Pa. Superior Ct. 1, 91 A. 2d 917.

Haste in the preparation of an agreement, in itself, is no good reason for adding to the written obligation of a party to a contract, by parol evidence. There is not a single circumstance in this case from which it may be inferred that anything was omitted from the written contract because of fraud, accident or mistake. The issues therefore were not for the jury.

Judgment reversed and here entered n.o.v. in favor of the defendants Jerome H. Marcus and Joseph Toll, individually and trading as Jay Jay Home Improvement Company.