## Forbes Road Union Church and Sunday School v. Salvation Army, Appellant.

Argued October 6, 1953; reargued March 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Christ C. Walthour, Jr.,* with him *George E. Berry, Jr.,* for appellant.

*A. C. Scales,* with him *Scales & Shaw,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 18, 1955:

The appeal is from a decree in equity directing a religious corporation to deed a church edifice to another church corporation. One Judge dissented. The litigation arises from a dispute among the congregation of an undenominational church and Sunday school.

The facts are largely undisputed. The small village of Forbes Road is located in Westmoreland County a number of miles distant from Greensburg. Practically all the male residents of the village are employed by

the Jamison Coal & Coke Company, a mining corporation operating in or adjacent to the village. For many years the Protestant residents conducted in the village an undenominational or nonsectarian church and Sunday school known as Forbes Road Church and Sunday School. Services were held either in a scout hall or in a school building. The Ministerial Association of Greensburg supplied ministers of various Protestant religious affiliations. Religious leaders were also supplied by the Salvation Army. Ministers or religious leaders were assigned regardless of their respective religious persuasions. The Salvation Army serves without any financial remuneration, has no separate creed, is not denominational, has no roll of members, but conducts religious services and acts as spiritual advisers to all who may attend its services. The various services were attended by the inhabitants of Forbes Road, irrespective of their religious faiths. The average attendance was between forty and fifty.

The church facilities proved to be unsuited to the community's needs. The Jamison Coal & Coke Company was anxious that a suitable undenominational church and Sunday school be maintained in the community. In the absence of suitable facilities, children were obliged, in order to attend Sunday school, to travel a number of miles to Greensburg. Many did not possess necessary transportation facilities. To alleviate this situation the Coal Company purchased a lot in the village and commenced the erection of a church edifice. It was found that the site so selected was not desirable, whereupon the Coal Company concluded to help to erect a church edifice on a lot *upon the Coal Company's own land.* This was done. The church edifice was erected from material contributed by the Coal Company, and with funds supplied by the congregation who also performed labor. The undenomina-

tional or nonsectarian congregation was known as Forbes Road Church and Sunday School.

On May 31, 1949, the Jamison Coal & Coke Company conveyed by deed the land to the Incorporated Trustees of the Salvation Army of Pennsylvania. The *habendum* clause of the deed reads: "This conveyance is made to the grantee herein named so that *it* may maintain and conduct, on the premises hereby conveyed, a Forbes Road Church and Sunday School and, in the event the operation of said Church and Sunday School *by the grantee* herein named, is discontinued for a continuous period of six (6) months or longer, the lot of ground herein and hereby conveyed shall revert to and again become the property of Jamison Coal & Coke Company, its successors or assigns." (Emphasis supplied)

On April 12, 1950, over ten months after the date of execution of the deed, recorded January 9, 1950, a group of the congregation incorporated themselves under the title of the Forbes Road *Union* Church and Sunday School. (Emphasis supplied)

A complaint in equity was then filed by the incorporated church against the Incorporated Trustees of the Salvation Army, alleging that the purpose of the *habendum* clause was to ". . . protect Forbes Road Union Church and Sunday School for whose benefit the conveyance was given"; that the grantee paid no consideration; that the grantee "*orally*" promised and agreed ". . . to hold said property in trust only until said complainant could be properly incorporated . . . and at that time would reconvey said property"; that the grantee is committing a fraud in that it is ". . . attempting to hold property held in trust and for which [it] paid no consideration whatever."

Defendant filed preliminary objections to the complaint which were dismissed by the majority of the

court, with one Judge dissenting. Defendant filed a responsive answer and a hearing was held, with the result as indicated.

Despite the thirty-second finding of fact by the learned Chancellor *"That there was no fraud, error, or mistake made in the execution of the deed to the defendant corporation"*, he held as matter of law that the transaction recited constituted an unjust enrichment requiring restitution, and that under the facts the defendant held title for the benefit of plaintiff under the doctrine of a trust *ex maleficio*. We have read the testimony with care. The findings of fact by the Chancellor are not supported by the record. They consist chiefly of his inferences, deductions and conclusions.

We agree with Judge LAIRD who states in his dissent that the preliminary objections should have been sustained. The Jamison Coal & Coke Company clearly was a necessary and indispensable party to this proceeding. Such corporation was the *grantor* in a deed, under the terms of which there was a *reverter*. In the event that the *grantee* failed to operate the church and the services discontinued for a continuous period of six months or longer, title was to revert to the *grantor*. If title is now conveyed, as directed by the majority of the court, the interest of the Coal Company, not joined as a party defendant, will be affected. Such original grantor is manifestly a necessary and indispensable *party* to these proceedings. Not to so join the grantor Coal Company is a flagrant procedural error: *Hartley v. Langkamp and Elder*, 243 Pa. 550, 90 A. 402; *Fineman v. Cutler*, 273 Pa. 189, 192, 116 A. 819; 2 Anderson Pa. Civ. Pract., p. 355, Note 17 re Procedural Rule No. 1017.

It would be futile to reverse and subsequently permit complainant to bring into the proceeding such necessary and indispensable party, since it is clear that

in the facts of this case complainant is not entitled to the relief which it seeks. Parol evidence may not be admitted to alter and vary the written terms of a deed. The *habendum* clause of the deed provides that *it*, viz.: the *grantee*, the Salvation Army, is to maintain and conduct, on the conveyed premises, "a Forbes Road Church and Sunday School". It also is part of the deed that if such services by the *grantee* are discontinued for a period of six months or longer title to the land is to revert to grantor. As pertinently noted in the dissent: "The deed does not say that in the case the *Forbes Road Union Church and Sunday School* does not operate a church and Sunday school, the lot shall revert, but that in case the *Grantee—Salvation Army—* shall not operate a church and Sunday school, the lot of ground shall revert."

While there is no proof of *oral* promise by the grantee to convey to the incorporated church, such testimony, even if existent, would have been inadmissible. Oral testimony which sought to alter or vary the terms of the deed was improperly admitted. The leading case of *Gianni v. R. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791, established the doctrine that in the absence of fraud or mistake, where the parties have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. This leading case has been cited with approval in a host of cases, recent ones being *Buffington v. Buffington,* 378 Pa. 149, 157, 106 A. 2d 229, and *Smith v. Marcus,* 175 Pa. Superior Ct. 64, 67, 103 A. 2d 277.

The doctrines of unjust enrichment and trusts *ex maleficio* have no application in this case. The learned Chancellor found, as stated, that there was no fraud, error or mistake made in the execution of the deed to the defendant corporation. The cases relied upon by

the court in banc are clearly inapposite. Both *General Casmir Pulaski Building and Loan Association v. Provident Trust Company of Philadelphia,* 338 Pa. 198, 12 A. 2d 336, concerning unjust enrichment, and *Hamberg v. Barsky,* 355 Pa. 462, 50 A. 2d 345, were cases of actual fraud.

The preliminary objections are sustained, the decree reversed, and the complaint dismissed at the cost of appellee.